**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IVELISSE RAMIREZ,
*on behalf of herself, FLSA Collective Plaintiffs, and the Class,*

            Plaintiff,

v.

LIBERTY ONE GROUP LLC, and
LIBERTY ONE BROOKLYN LLC,

            Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff IVELISSE RAMIREZ ("Plaintiff RAMIREZ" or "Plaintiff"), by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants LIBERTY ONE GROUP LLC, and LIBERTY ONE BROOKLYN LLC ("Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) liquidated damages; and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime due to time shaving; (2) statutory penalties; (3) liquidated damages; and (4) attorneys' fees and costs.

3. Plaintiff further alleges that Defendants discriminated against her on the basis of her pregnancy in violation of the New York State Human Rights Law, New York Executive Law § 296 *et seq*. ("NYSHRL"), and New York City Human Rights Law, Administrative Code of the City of New York § 8-107 ("NYCHRL") and brings this action against Defendants to recover: (1) back pay; (2) front pay; (3) compensatory damages; (4) punitive damages; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff IVELISSE RAMIREZ is a resident of Queens County, New York.

7. Defendants are real estate companies that specialize in acquisitions, investments, development, and management of properties in New York City. One such service is cleaning services for buildings throughout New York City. At any given time, Defendants employed at least a hundred (100) employees.

8. Defendant LIBERTY ONE GROUP LLC appears to be the parent company of LIBERTY ONE BROOKLYN LLC. Defendants share the same office at 88 Pine Street, New York, NY 10005. They both use the same phone number, as reflected on LIBERTY ONE GROUP

LLC's homepage and the paystubs provided to Plaintiff from LIBERTY ONE GROUP BROOKLYN LLC. *See* **Exhibit A – Liberty One Group LLC Homepage and Plaintiff's Sample Pay Stub.** Defendants share the same Human Resources Department, and Executive Management, who control all employees. Employees, like Plaintiff, were hired by LIBERTY ONE GROUP LLC and then assigned to subsidiaries like LIBERTY ONE GROUP BROOKLYN LLC. Plaintiff was interviewed and hired by NICHA [LNU] at LIBERTY ONE GROUP LLC's office located at 88 Pine Street. At all times, Plaintiff and others believed that Defendants were just one big company that had different location sites.

9. Defendant LIBERTY ONE GROUP LLC is a domestic limited liability corporation with a principal place of business at 88 Pine Street, New York, NY 10005, and an address for service of process at SOLOMON BORG, 630 Third Avenue, 19th Floor, New York, NY 10017.

10. Defendant LIBERTY ONE BROOKLYN LLC is a domestic limited liability corporation with a principal place of business at 175 Blake Avenue, Brooklyn, NY 11212, and an address for service of process at ELY GEMARA, 88 Pine Street, Suite 503, New York, NY 10005.

11. At all relevant times, Corporate Defendants, each was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the businesses operated by Defendants.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to cleaning professionals, and technicians among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay all wages, including overtime, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees, including, but not limited to cleaning professionals, and technicians among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period).

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are

determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants, as alleged herein, of: (i) failing to pay wages, including overtime, due to time shaving; (ii) failing to provide proper wage statements per requirements of the NYLL; and (iii) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL.

21. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and

competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

24. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former

employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

d) Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e) Whether Defendants paid Plaintiff and Class Members proper wages for all hours worked, including overtime hours;

f) Whether Defendants paid Plaintiff and Class Members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g) Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

   h) Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL; and

   i) Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL.

## STATEMENT OF FACTS

*Wage and Hour*

26.   In or around June 2021, Plaintiff RAMIREZ started working for Defendants at the job site located 249 Varick Street, Brooklyn, NY 11237. Plaintiff also filled in at various other locations throughout New York City for her co-workers on an as needed basis. Plaintiff was terminated in or around March 2022.

27.   Throughout her employment with Defendants, Plaintiff was scheduled to work from 7:00 a.m. to 4:30 p.m. for five (5) days per week , for a total of forty-seven and a half (47.5) hours per week. FLSA Collective Plaintiffs and Class Members worked a similar number of hours each week.

28.   Throughout her employment with Defendants, Plaintiff was paid at a base hourly rate of fifteen dollars ($15.00) per hour and an overtime rate of twenty-two dollars and fifty cents ($22.50). FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

29.   Throughout her employment with Defendants, Plaintiff was not always paid the overtime premium of one-and-one-half times her regular rate of pay for her hours worked in excess of forty (40) per week due to time shaving, as required under the FLSA and NYLL.

30.   Throughout Plaintiff's employment with Defendants, she was not compensated for all overtime hours worked due to Defendants' time shaving policies. Plaintiff was only paid for

her scheduled hours. However, Plaintiff had to stay past her scheduled shift because she had to continue to perform cleaning duties. Plaintiff would have to stay an extra thirty (30) minutes every day she worked. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving.

31. At all relevant times, Defendants never provided Plaintiff with wage notices as required by the NYLL. Similarly, Class Members were never provided with any wage notices.

32. At all relevant times, Defendants did not provide Plaintiff with proper wage statement because they failed to accurately reflect her hours worked, in violation of the NYLL. Similarly, Class members also did not receive proper wage statements that failed to accurately reflect their hours worked.

*Discrimination*

33. Defendants discriminated against Plaintiff by allowing Manager Luciano to berate and harass Plaintiff because she was pregnant. Ultimately, Defendants fired Plaintiff because she was pregnant.

34. At all relevant times, Plaintiff was constantly berated and harassed by Manager Luciano. For example, whenever Plaintiff needed days off to go to the doctor's office for her pregnancy related appointments, Manager Luciano would tell her, "Do whatever you want. Get the hell out of here if you want."

35. Furthermore, during her pregnancy, Plaintiff had a doctor's note saying that she could not lift more than ten (10) to fifteen (15) pounds, work with any chemicals, or squat down for long periods of time. *See* **Exhibit B – Doctor's Note**. Plaintiff showed this doctor's note to Manager Luciano who didn't care, and had her continue to carry heavy cleaning buckets and

supplies even when she did not need to. When Plaintiff showed the doctor's note to Manager Luciano, he simply stated, "That doesn't apply here. If you want, you can leave."

36. Plaintiff was not properly accommodated for her pregnancy and in fact given harder work then her co-workers just because she was pregnant. One day one of her co-workers told her, "they know you're pregnant, that's why they have you do harder work." This co-worker told Plaintiff that this was a way Manager Luciano would try to force her to quit.

37. Plaintiff was constantly required to clean the edges of the floor and walls on her knees while she was pregnant. When Plaintiff complained to Manager Luciano, he told her, "You can leave if you want."

38. On March 21, 2022, "Owner" T [LNU] came to Plaintiff's job site and saw that she was pregnant. She was fired shortly after "Owner" T [LNU]'s visit. "Owner" T [LNU] told Manager Luciano to fire her because she was pregnant.

39. When Plaintiff realized she was taken off the schedule, she asked her Manager Luciano why she was taken off the schedule, he said she was too pregnant and was simply told to file for unemployment.

40. When Plaintiff asked Manager Luciano to have her job back, he replied, "We're sending you home for three (3) days so that you can rest because you're pregnant." She was never brought back afterwards.

41. Defendants violated New York State anti-discrimination laws when they allowed Manager Luciano to berate and harass Plaintiff, and also because they denied Plaintiff continuing employment because she had become pregnant.

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its service.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.00.

47. At all relevant times, Defendants had a policy and practice of failing to pay all wages, including overtime, for all hours worked to Plaintiff and FLSA Collective Plaintiffs due to time shaving.

48. At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay.

11

49. Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

50. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime, when Defendants knew or should have known such was due.

51. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

53. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving; plus an equal amount as liquidated damages.

54. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

55. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

56. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

57. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of wages, including overtime, due under the NYLL.

58. Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek due to time shaving.

59. Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

60. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

61. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to time shaving; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

## COUNT III

### PREGNANCY DISCRIMINATION IN VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

**(New York State Executive Law § 296 *et seq*.)**

62. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

63. The New York State Human Rights Law ("NYSHRL") provides: "It shall be an unlawful discriminatory practice: For an employer … because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." New York State Executive Law § 296(1)(a).

64. The New York State Human Rights Law not only prohibits sex discrimination generally but also makes it "an unlawful discriminatory practice for an employer … to refuse to provide reasonable accommodations to the … pregnancy-related conditions … of an employee." N.Y. Exec. Law § 296(3)(a)-(b).

65. Defendants allowed Manager Luciano to berate and harass Plaintiff because she was pregnant. Defendants also fired Plaintiff because she was pregnant.

66. Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff's protected rights under NYSHRL.

67. As a direct and proximate result of Defendants' unlawful acts in violation of NYSHRL, Plaintiff has suffered economic harm as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and relief, including punitive damages and attorneys' fees, as provided for under the NYSHRL.

## COUNT IV

### PREGNANCY DISCRIMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW

68. Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

69. The New York City Human Rights Law ("NYCHRL") prohibits discrimination in the terms, conditions, and privileges of employment on the basis of sex, providing that

It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

The New York City Administrative Code § 8-107(1).

70. At all relevant times, Defendants had at least four (4) persons in their employ. Plaintiff was an employee and qualified person within the meaning of NYCHRL and Defendants are covered employers under the NYCHRL.

71. Defendants operated a business that discriminated against Plaintiff on the basis of her pregnancy in violation of the NYCHRL. The New York City Human Rights Law makes it "an unlawful discriminatory practice" for any private employer to refuse a reasonable accommodation to an employee for "pregnancy, childbirth or related medical condition." N.Y.C. Admin. Code § 8-107(22)(a).

72. Under the NYCHRL, an employer is liable for the discriminatory conduct by an employee, agent or independent contractor. The NYCHRL provides in relevant part:

(a) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

  (b) An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:
    (1) the employee or agent exercised managerial or supervisory responsibility; or
    (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or
    (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

  Administrative Code § 8-107(13)

  73. Here, the prerequisites have been satisfied, since Defendants knew of Manager Luciano's treatment of Plaintiff. Also, Plaintiff believes that Owner T directly told Manager Luciano to fire her after his visit.

  74. Defendants allowed Manager Luciano to berate and harass Plaintiff because she was pregnant. Defendants also fired Plaintiff because she was pregnant.

  75. Defendants' conduct was willful or undertaken with reckless disregard of Plaintiff's protected rights under the NYCHRL.

  76. As a direct and proximate result of Defendants' unlawful acts in violation of NYCHRL, Plaintiff has suffered economic harm as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and relief, including punitive damages and attorneys' fees, as provided for under the NYCHRL.

## **PRAYER FOR RELIEF**

  WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, NYSHRL, and NYCHRL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime compensation, due to time shaving;

d. An award of unpaid overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

f. An award of liquidated damages as a result of Defendants' willful failure to pay the proper wages, including overtime, pursuant to the FLSA and/or NYLL;

g. An award of front pay and back pay due under NYSHRL, and the NYCHRL;

h. An award of compensatory damages and punitive damages due under NYSHRL, and NYCHRL;

i. An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a Class Action pursuant to FRCP 23;

l. Designation of Plaintiff as Representatives of the Class; and

m. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: July 11, 2022

                                                  Respectfully submitted,
                                                  By:    */s/ C.K. Lee*
                                                            C.K. Lee, Esq.

                                                LEE LITIGATION GROUP, PLLC
                                                C.K. Lee (CL 4086)
                                                Anne Seelig (AS 3976)
                                                148 West 24th Street, 8th Floor
                                                New York, NY 10011
                                                Tel.: 212-465-1188
                                                Fax: 212-465-1181
                                                *Attorneys for Plaintiff,*
                                                *FLSA Collective Plaintiffs, and the Class*