UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IVELISSE RAMIREZ, on behalf of herself,
FLSA Collective Plaintiffs, and the Class,

     Plaintiff,

  v.           1:22-cv-05892-KPF

LIBERTY ONE GROUP LLC and
LIBERTY ONE BROOKLYN LLC,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

  **WHEREAS**, the Parties having agreed to the following terms of confidentiality regarding certain documents and information that will be produced by the Parties during discovery in the above-entitled action ("Action"), and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this Action:

  1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." The Parties may further designate certain "CONFIDENTIAL" materials or testimony of a highly confidential nature as "ATTORNEYS' EYES ONLY" ("Attorneys' Eyes Only Material"). Attorneys' Eyes Only Material refers to confidential materials that may cause competitive harm to the producing Party if disclosed.

  2. The Confidential Information and Attorneys' Eyes Only Material disclosed will be held and used by the person receiving such information solely for use in connection with this Action.

1

3.  In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. A party objecting shall so notify the other Party in writing setting forth with specificity the information that he or she contends is not confidential and attempt to resolve the dispute through a meet and confer session. If this attempt is not successful, the objecting Party may file an objection with the Court for ruling that the document, information, or testimony not be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The disputed documents or other materials and information shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pending a ruling from the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information OR Attorneys' Eyes Only Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential or Attorneys Eyes Only Information.

4.  The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except to the following "Qualified Persons":

    a.  The requesting party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.  Witnesses who may testify in the Action, provided that the material disclosed is directly related to the subject of their testimony;

    e.  an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

    f.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    g.  any other person agreed to by the parties.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information designated as "ATTORNEYS' EYES ONLY" shall not be furnished, shown or disclosed to any person or entity except to:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Witnesses who may testify in the Action, provided that the material disclosed is directly related to the subject of their testimony;

   e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

   f. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

   g. any other person agreed to by the parties.

6. Prior to disclosing or displaying the Confidential Information or Attorneys' Eyes Only Material to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents and inform the person that one cannot use the information or documents for any purpose other than this litigation;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

   c. Individuals listed in subparts (c), (d), and (g) of Paragraphs 4 and 5 must sign an agreement to be bound by this Order in the form attached as Exhibit A.

7. The disclosure of a document or information without designating it as

"Confidential" or "Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Attorneys' Eyes Only Material. If so designated, the document or information shall thenceforth be treated as such subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work- product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. All depositions shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such thirty (30)-day period, the deposition shall be classified appropriately.

11. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena. In the event that any party (including a Qualified Person) is requested to produce Confidential or Attorneys' Eyes Only Material, outside of the Action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition or other form of discovery, the party will object and refuse to disclose such information on the basis of this Stipulation. In the event that a party receives a request to produce any Confidential Information or Attorneys' Eyes Only Material, or if a party is served with a motion to compel production of documents or information or a subpoena (in the event that the subpoena may not be objected to) that demands the disclosure of such material, they will immediately notify the party who provided the subject information (the "Providing Party") of the request, demand, motion, or subpoena. The party will allow the Providing Party thirty (30) days, or the maximum amount of time available, to contest its disclosure.

14. Any party may seek to modify, expand, cancel or supersede this agreement by stipulation of the Parties or by motion on notice.

**SO STIPULATED AND AGREED.**

| **PADUANO & WEINTRAUB LLP** | **LEE LITIGATION GROUP, PLLC** |
|---|---|
| */s/ Lisia Leon* | |
| By: Lisia Leon, Esq. | By: C.K. Lee, Esq. |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

This agreement does not bind the Court or any of its personnel.  The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

Dated:    November 28, 2022                SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE