## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IVELISSE RAMIREZ, *on behalf of herself, FLSA Collective Plaintiffs, and the Class*, <br><br> Plaintiff, <br><br> -against- <br><br> LIBERTY ONE GROUP LLC and LIBERTY ONE BROOKLYN LLC, <br><br> Defendants. | **Case No.: 1:22-cv-05892** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF CLASS REPRESENTATIVE'S SERVICE AWARDS

**LEE LITIGATION GROUP, PLLC**
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, New York 10011
Telephone: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................II

I. INTRODUCTION ...................................................................................... 1

II. FACTUAL BACKGROUND ...................................................................... 1

III. ARGUMENT ........................................................................................... 2

    1.  The Service Award that the Class Representative Request Is Reasonable and Should Be Approved........................................................................................... 2

    2.  The Class Representative Assumed Significant Risks as Named Plaintiff............. 3

    3.  The Class Representative Expended Significant Time and Effort......................... 5

    4.  The Ultimate Recovery Supports the Requested Service Award. ......................... 6

IV. CONCLUSION......................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008)................................................. 2

*de Munecas v. Bold Food, LLC,* 2010 WL 3322580 (S.D.N.Y. 2010)............................................ 5

*Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) .......................................... 2

*Guippone v. BH S&B Holdings, LLC,* 2011 WL 5148650 (S.D.N.Y. 2011)................................. 4

*Han, et al. v. Sterling National Mortgage Company, Inc., et al.*, 2011 U.S. Dist. LEXIS 103453

(E.D.N.Y. 2011)............................................................................................................... 3, 5

*Han, et al., v AB Green Gansevoort LLC, et al.*, 11 Civ. 2423 (S.D.N.Y. 2012) .......................... 3

*Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655 (E.D.N.Y. 2012)............................ 3

*Mentor v. Imperial Parking Sys., Inc.*, 2010 WL 5129068 (S.D.N.Y. 2010) ................................ 5

*Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, 2010 WL 532960 (S.D.N.Y. 2010) ........... 4, 6

*Reyes v. Altamera Group, LLC*, 2011 WL 4599822 (S.D.N.Y. 2011) ........................................... 3

*Roberts v. Texaco, Inc.,* 979 F. Supp. 185 (S.D.N.Y. 1997)......................................................... 3

*Sewell v. Bovis Lend Lease LMB, Inc.*, 2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. 2012) .............. 4

*Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425 (S.D.N.Y. 2007) ......................................... 4

*Tiro v. Pub. House Invs., LLC*, 2013 WL 4830949 (S.D.N.Y. 2013).............................................. 4

*Velez v. Majik Cleaning Serv.,* 2007 WL 7232783 (S.D.N.Y. 2007) ........................................ 2, 4

*Viafara v. MCIZ Corp.*, 2014 U.S. Dist. LEXIS 60695 (S.D.N.Y. 2014) ..................................... 5

*Willix v. Healthfirst, Inc.*, 2011 WL 754862 (E.D.N.Y. 2011)................................................... 3, 5

**Other Authorities**

Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to*
*Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J.

395 (2006).......................................................................................................................... 2

# I. INTRODUCTION

Plaintiff respectfully moves this Court to approve service award to Ivelisse Ramirez ("Plaintiff" or "Class Representative"), in the amounts of $10,000, to be paid from the Settlement Fund, in recognition of the service she rendered on behalf of the class and pursuant to the terms of the Parties' Settlement Agreement and Release ("Settlement Agreement"). This motion is being filed simultaneously with Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement in this action, however the requested service award is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. Moreover, the outcome of this application does not terminate the settlement or otherwise affect the settlement of the Litigation. The service award is reasonable in light of the time and effort that the Class Representative expended in furtherance of the class investigation and settlement, the risks she endured in order to vindicate her rights and those of absent class members.

# II. FACTUAL BACKGROUND

The Class Representative has made important contributions to the prosecution and fair resolution of this action on behalf of the class members. *See* Declaration of C.K. Lee in Support of Plaintiff's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses and for Class Representative's Service Award ("Lee Dec.") ¶¶ 17-18. She assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding her job duties and those of other putative class members, the wages she was paid, the hours that she worked, and other information relevant to the claims. Id. ¶¶ 17-18. Throughout the litigation, the Class Representative regularly communicated with Class Counsel and assisted with the

preparation of the complaint and with discovery. Plaintiff also regularly made herself available to communicate with Class Counsel when necessary and participated in the full-day mediation.

The Settlement Agreement calls for service payment of $10,000 to Plaintiff. The Court-approved Notices that were sent to Class Members informed them generally of the terms of the settlement, including the requested service award, and gave them the opportunity to examine the Settlement Agreement if desired.  No Class Members have objected to the requested service award.

### III. ARGUMENT

**1.      The Service Award that the Class Representative Request Is    Reasonable and Should Be Approved.**

The service award that the Class Representative requests is reasonable given the contributions she made to advance the prosecution and resolution of the lawsuit.  Courts acknowledge that class representatives play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers. *See, e.g., Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 80 (E.D.N.Y. 2008) (recognizing the important role class representatives play in "enabling plaintiffs to redress wrongs . . . [w]here it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages") (internal citations and quotation marks omitted); *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 25, 2007)("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (quoting *Frank v. Eastman Kodak Co*., 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (internal quotation marks omitted); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006);  *Willix v. Healthfirst,*

2

*Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at \*7 (E.D.N.Y. Feb. 18, 2011) (approving service awards of $30,000, $15,000, and $7,500 in wage and hour action under FLSA and NYLL); *Han, et al. v. Sterling National Mortgage Company, Inc., et al.*, No. 09-CV-5589 (JFB) (AKT), 2011 U.S. Dist. LEXIS 103453 (E.D.N.Y. Sep. 14, 2011) (approving service awards of $25,000 to each class representative in wage and hour action under FLSA and NYLL); *Han, et al., v AB Green Gansevoort LLC, et al.*, 11 Civ. 2423 (S.D.N.Y. May 22, 2012) (approving service award of $20,000 in wage and hour action under FLSA and NYLL).

"[S]ervice awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Reyes v. Altamera Group, LLC*, No. 10 Civ. 6451, 2011 WL 4599822, at \*9 (S.D.N.Y. Aug. 16, 2011). Service awards further the important purpose of compensating plaintiffs for the time that they spend and the risks that they take. *Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 5669, 2012 WL 5874655, at \*8 (E.D.N.Y. Nov. 20, 2012). In examining the reasonableness of requested service awards, courts consider: (1) the personal risk incurred by the named plaintiffs; (2) the time and effort expended by the named plaintiffs in assisting the prosecution of the litigation; and (3) the ultimate recovery in vindicating statutory rights. *Frank,* 228 F.R.D. at 187; *Roberts v. Texaco, Inc.,* 979 F. Supp. 185, 200 (S.D.N.Y. 1997).

### 2.    The Class Representative Assumed Significant Risks as Named Plaintiff.

In assessing the reasonableness of service awards, courts consider the risks the named plaintiffs assumed in serving as class representatives. *See Frank*, 228 F.R.D. at 187; *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at \*1 (S.D.N.Y. Feb.

9, 2010) ("Enhancement awards for class representatives serve the dual functions of recognizing the risks incurred by named plaintiffs and compensating them for their additional efforts.").

In the employment context, where workers are often blacklisted if they are considered "troublemakers," class representatives are particularly vulnerable to retaliation. *See Frank*, 228 F.R.D. at 187-88; *see also Velez*, 2007 WL 7232783, at *7 (observing that by serving as class representatives, the plaintiffs "exposed themselves to the prospect of having adverse actions taken against them by their former employer and former co-workers"); *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 435 (S.D.N.Y. 2007) ("A class representative who has been exposed to a demonstrable risk of employer retaliation or whose future employability has been impaired may be worthy of receiving an additional payment, lest others be dissuaded.")

"Courts acknowledge that plaintiffs play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, and that '[service] awards are particularly appropriate in the employment context' where 'the plaintiff is often a former or current employee of the defendant, and thus…he has, for the benefit of the class as a whole, undertaken the risks of adverse actions by the employer or co-workers.'" *Tiro v. Pub. House Invs., LLC*, No. 11 Civ. 7679, 2013 WL 4830949, at *11 (S.D.N.Y. Sept. 10, 2013) (citations omitted).

Although Plaintiff was not employed by Defendants at the time when the Complaint was filed, she still incurred the very real risk of retaliation from her current employers, and put her ability to secure future employment at risk as well.  See *Sewell v. Bovis Lend Lease LMB, Inc.*, 2012 U.S. Dist. LEXIS 53556 at *14 (S.D.N.Y. Apr. 16, 2012); *Guippone v. BH S&B Holdings, LLC,* No. 09 Civ. 1029, 2011 WL 5148650 (S.D.N.Y. Oct. 28, 2011) ("Today, the fact that a plaintiff has filed a federal lawsuit is searchable on the internet and may become known to prospective employers when evaluating the person.") *Parker*, 2010 WL 532960, at *1 ("[F]ormer

4

employees put in jeopardy their ability to depend on the employer for references in connection with future employment."). Service awards "provide an incentive to seek enforcement of the law despite these dangers." *Id.*

Courts routinely approve service awards exceeding the size requested here in wage and hour class and collective actions. *See Viafara v. MCIZ Corp.*, 2014 U.S. Dist. LEXIS 60695 (S.D.N.Y. Apr. 30, 2014) (approving a total service award of $25,000 to class representative); *Willix*, 2011 WL 754862, at *7 (approving service awards of $30,000, $15,000); *Han, et al. v. Sterling National Mortgage Company, Inc., et al*., 09 Civ. 5589 (E.D.N.Y. August 9, 2012) (approving service awards of $25,000 to each class representative in wage and hour action under FLSA and NYLL); *Han, et al., v AB Green Gansevoort LLC*, et al., 11 Civ. 2423 (S.D.N.Y. May 22, 2012) (approving service award of $20,000 in wage and hour action under FLSA and NYLL); *Mentor v. Imperial Parking Sys., Inc.*, No. 05 Civ. 7993, 2010 WL 5129068, at *1-2 (S.D.N.Y. Dec. 15, 2010) (upholding $40,000 and $15,000 service awards in FLSA and NYLL wage and hour action).

### 3. The Class Representative Expended Significant Time and Effort.

The Class Representative should be awarded service award for the work she undertook on behalf of the class. Courts recognize the important factual knowledge that class representatives bring to employment class actions, including information about employer policies and practices that affect wages. *See de Munecas v. Bold Food, LLC*, Slip Copy, No. 09 Civ. 00440, 2010 WL 3322580, at *10 (S.D.N.Y., August 23, 2010) (noting the importance of "compensat[ing] plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff"); *Frank*, 228 F.R.D. at 187 (recognizing the important role that class representatives play as the "primary

source of information concerning the claims[,]" including by responding to counsel's questions and reviewing documents). Service awards are also meant to recognize the important role that class representatives play in the prosecution of the litigation and settlement negotiations. *See Parker*, 2010 WL 532960, at *1 (recognizing efforts by class representatives in meeting with counsel, reviewing documents, formulating theory of case, identifying and locating other class members to expand settlement participants, and attending court proceedings).

      As discussed above, throughout the litigation, the Class Representative assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding job duties, hours worked, wages paid, and other information relevant to the claims. Lee Dec. ¶ 18.  In addition, the Class Representative regularly communicated with Class Counsel and assisted with the preparation of the complaint, the factual investigations of the claims, and was responsive and involved during settlement negotiations and available to communicate with Class Counsel when necessary, including during mediation. *Id.*

      **4.**    **The Ultimate Recovery Supports the Requested Service Award.**

      The requested service award amount to a small percentage of the total recovery of $75,000 (approximately 13.33%), which is reasonable in light of the ultimate recovery. *See, e.g., Reyes*, 2011 WL 4599822, at *1, *9 (approving awards totaling $50,000, representing approximately 16.6% of the $300,000 settlement); *Parker*, 2010 WL 532960, at *2 (finding that service awards totaling 11% of the total recovery are reasonable "given the value of the representatives' participation and the likelihood that class members who submit claims will still receive significant financial awards"). The service award requested here are justified given the ultimate recovery achieved.

If Class Representative was not to receive service award, it would dissuade claimants from agreeing to act as class representatives.  All cases would proceed as individual claims and the judicial system would not be able to enjoy the efficiency of class claims that is promoted in the Second Circuit.  Secondly, it is inequitable that representative plaintiffs only receive the identical rewards of other class members when they assume the risk of litigation, expended significant time and energy to the litigation, and delayed recovery on an individual settlement that would likely have been paid several years ago.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court approve the service award for the Plaintiff, to be paid from the Settlement Fund, pursuant to the terms of the Parties' Settlement Agreement.

Dated: New York, New York
July 18, 2025

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: /s/ C.K. Lee
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

7